W. M. Ferguson, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 18456.   Promulgated May 21, 1931.

*H. L. Washington, Esq.*, and *Ray G. Ransom, C. P. A.*, for the petitioner.
*Elden MacFarland, Esq.*, for the respondent.

#### OPINION.

Lansdon: The respondent has asserted a deficiency in income tax for the year 1922 in the amount of $4,270.61. For cause of action it is alleged that respondent erroneously included in petitioner's income for the taxable year the amount of $11,000 which was the income of May D. Ferguson, his wife.

The facts have been stipulated as follows:

That the petitioner was the owner of Lots five (5), Six (6), Nine (9) and Ten (10) except eight (8) acres of the northwest corner lot Six (6), Township Thirty (30), Range eight (8) East, containing one hundred fifty two (152) acres more or less, and the northeast one-quarter (N E ¼) section twenty nine (29) Township Thirty (30), Range Eight (8) East, containing one hundred sixty (160) acres more or less, Cowley County Kansas, and on or about May 1st, 1922 signed, executed and delivered to May D. Ferguson an instrument in writing purporting to be an oil and gas lease on said property

running to May D. Ferguson, a copy of which is attached hereto and made hereof and marked Exhibit "A."

That the value of the said·oil and gas lease on the above described property was only nominal on May 1st, 1922.

In October, 1922, oil and gas leases on the above described property were sold for $11,000.00 and the income from the said sale was returned by May D. Ferguson as income in her income tax return for the year 1922. Copies of said leases executed by May D. Ferguson and this petitioner are attached hereto and marked Exhibits "B" and "C."

That May D. Ferguson did not sell or convey the rights, if any, she acquired by virtue of the provisions of the instrument marked Exhibit "A" prior to the execution of the instruments marked Exhibits "B" and "C".

The stipulation removes the lease of May 1 from consideration as evidence of assignment at that date. The only question remaining is whether the leasehold interest in question was given by the petitioner to his wife and thereafter sold by her in October, 1922, as her separate property. A gift is completed by proffer, acceptance, and delivery. The only proof offered in support of petitioner's theory is an oil and gas lease running from himself to his wife. This instrument purports to be a bilateral agreement. It is not signed by the second party and there is no evidence that she ever complied with any of the conditions therein imposed on her. It was never recorded, although it purports to dispose of an interest in real estate. We are of the opinion that this instrument fails to prove acceptance of a gift. When the mineral rights in question were finally sold to development companies the transfer thereof was evidenced by a lease signed by petitioner and his wife. This indicates that legal title and the right to convey were not acquired by the wife, through the execution of the lease in question, or by any gift effective for that purpose. The only gift about which there is no reasonable doubt was made in cash in the amount of $11,000 by the petitioner to his wife in October, 1922. This gift was from the income of the petitioner and is not deductible therefrom for income-tax purposes.

*Decision will be entered under Rule 50.*